1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10                          ----oo0oo----
11  WILLIAM WHITE,
                                        NO. CIV. S-06-00665 WBS GGH
12           Plaintiff,
13       v.                             ORDER RE: MOTION TO STAY
14  NOVARTIS PHARMACEUTICALS
    CORPORATION,
15
             Defendant.
16
17                          ----oo0oo----
18           Plaintiff William White filed this action to recover
19  damages related to osteonecrosis (bone death) of his maxilla
20  (upper jaw bone), which he allegedly suffers from due to his use
21  of the drug Zometa®.  (Compl. ¶¶ 1-2.)  Defendant Novartis
22  Pharmaceuticals Corporation, the manufacturer of Zometa® and
23  similar drugs, now moves the court to stay this case because it
24  is awaiting transfer, pursuant to 28 U.S.C. § 1407, to a
25  multidistrict litigation ("MDL") proceeding in the Western
26  District of Tennessee.  See In re Aridia & Zometa Prods. Liab.
27
28
                                 1

Litig., No. 06-1760 (M.D. Tenn. filed Apr. 19, 2006).[1]

The power to issue a stay, as the Supreme Court has noted, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Primarily, the court is concerned with balancing competing interests of the moving and non-moving parties.  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  However, in this instance, plaintiff does not oppose defendant's motion to stay.  (Pl.'s Stmt. of Non-Opp'n.)  Therefore, because the parties appear to be in agreement that a stay is warranted, or at least acceptable, the court sees no reason not to exercise its inherent power to issue one.

IT IS THEREFORE ORDERED that all proceedings in this matter shall be STAYED and the file ADMINISTRATIVELY CLOSED[2]

///
///
///
///
///

---

[1] Defendant noticed this case as a "tag-along action" on April 21, 2006 and is currently awaiting a conditional transfer order ("CTO"), which it asserts that neither party intends to oppose.  (Defs.' Mot. to Stay 3; Ex. 2 (Letter from Defendant's Counsel to the Clerk of the Panel).)

[2] "[A]n administrative closure is no different from a simple stay, except that . . . administratively closed cases are not counted as active . . . ." Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005) (quoting Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004)).

1  without prejudice to reopen by motion of either party in the
2  event that the request for transfer is denied.[3]
3  DATED:  May 22, 2006

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, this case will close if and when the court receives notice from the Panel Chairman that a CTO, transferring this case to the MDL in the Middle District of Tennessee, has issued.

3