IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERYL J. WHITE, SUCCESSOR TO WILLIAM WHITE,

        Plaintiff,         No. CIV-S-06-0665 WBS GGH

   vs.

NOVARTIS PHARMACEUTICALS CORPORATION,

        Defendant.        ORDER

_____/

        Presently before this court is plaintiff's motion to extend time to take *de bene esse* depositions, filed June 2, 2010.[1] After reviewing the parties' briefing, the court issues the following order.

BACKGROUND

        Plaintiff filed the instant motion on June 2, 2010, the day of the discovery cutoff, seeking to extend the time to take *de bene esse* depositions of six generic experts designated by plaintiffs in multi-district litigation, if the experts are otherwise deposed in the MDL proceedings. Plaintiff seeks until September 1, 2010 to preserve this requested testimony. Under

---

[1] The noticed hearing date of July 22, 2010 is vacated as oral argument is deemed unnecessary.

1

the scheduling order,[2] filed December 10, 2009, the parties were directed to complete discovery, *"including depositions for preservation of testimony"* by June 2, 2010. The order specified:

> The word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than June 2, 2010.[3]

Defendant not only objects to the untimeliness of plaintiff's motion, but also to the lack of good cause shown for the requested modification. Because these generic experts are plaintiff's own retained experts, defendants argue that plaintiff should have considered this possibility in the formation of the scheduling order, and had five months during the discovery period in which to depose these individuals. Furthermore, as this case is only the second case in the multi-district litigation to go to trial in federal court if trial proceeds as scheduled, defendant asserts that live testimony is preferential to video testimony which provides no opportunity to cross-examine or observe the witness live.

DISCUSSION

Plaintiff's efforts amount to too little too late. Plaintiff's assumption that *de bene esse* depositions, essentially trial depositions pursuant to Fed. R. Civ. P 32(a)(4), are not governed by scheduling orders is erroneous. Departing from previous binding Rule 16 scheduling orders is a serious matter. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co.,

---

[2] The order also dictated that the magistrate judge could hear and decide requests to modify dates or terms of the scheduling order, other than requests to change the trial date. (Dkt. # 36.)

[3] Plaintiff did not seek order shortening time in which to have this matter heard.

108 F.R.D. 138, 141 (D. Me.1985)). A scheduling order may be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b). Parties must show that despite due diligence they could not reasonably have met the schedule. Fed. R. Civ. P. 16 Advisory Committee's note to 1983 Amendment. A showing of diligence is necessary because disregard of a scheduling order may "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Johnson, 975 F.2d at 610.

Here, plaintiff has made no showing of good cause for the requested modification. Although plaintiff asserts that the taking of *de bene esse* depositions requires coordination of plaintiff's steering committee, of which plaintiff's counsel are members, as well as New Jersey counsel, NPC and various courts, plaintiff has made no attempt to show that she tried to coordinate these depositions over the five month period permitted by discovery but was unable to do so. Permitting these depositions might also interfere with the other deadlines set forth in the scheduling order, including the law and motion deadline of July 7, 2010, and the September 20, 2010 pretrial conference and filing of the prerequisite pretrial statements.

Plaintiff has further failed to assert that these experts will be unavailable at trial. Plaintiff apparently was aware of these experts prior to the issuance of the court's scheduling order; see Orders, filed August 13, 2009, (dkt. # 46, Exs. 1, 2), but did not consider the possible necessity of their depositions in scheduling this case in the first instance.

Finally, plaintiff's request is too hypothetical in nature. She seeks to *possibly* cross-notice such depositions *if* they occur.

Without a showing of good cause, plaintiff's request must be denied.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

CONCLUSION

        Accordingly, IT IS ORDERED that:

        1. Plaintiff's motion to extend time to take *de bene esse* depositions, filed June 2, 2010, (dkt. # 45), is denied.

        2. The hearing noticed for July 22, 2010, is vacated.

DATED: June 21, 2010

                                 /s/ Gregory G. Hollows

                                 _____
                                 GREGORY G. HOLLOWS
                                 UNITED STATES MAGISTRATE JUDGE

GGH:076
Johnson0169.exp.wpd