UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERYL J. WHITE, SUCCESSOR TO
WILLIAM WHITE,

        Plaintiff,

   v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

        Defendant.
_____/

NO. CIV. 2:06-665 WBS GGH

ORDER

----oo0oo----

Before the court is plaintiff's objection to Magistrate Judge Gregory G. Hollows' June 21, 2010 Order denying her motion to extend time to take <u>de bene esse</u> depositions of case-wide experts (Docket Nos. 59, 96), her renewed motion to amend the Complaint to add a loss of consortium claim (Docket No. 81), and her motion for sanctions to strike defendant's pleadings (Docket No. 65.)

    A.   <u>Motion to Reconsider Judge Hollows' Order Denying Motion to Extend Time To Take De Bene Esse Depositions</u>

1

Rule 72(a) of the Federal Rules of Civil Procedure provides that "[w]hen a pretrial matter not dispositive of the party's claim . . . is referred to a magistrate judge to hear and decide," a party may object to a magistrate judge's order "within 14 days of being served with a copy." Fed. R. Civ. P. 72(a); see E.D. Cal. Local R. 303(b) (stating that a magistrate judge's order becomes final fourteen days after issuance). Plaintiff filed her motion on July 8, 2010, more than fourteen days after Judge Hollows's June 21, 2010 Order was issued. (Docket No. 96); see Fed. R. Civ. P. 69(a)(1) (stating method for computing time). Plaintiff's motion will therefore be denied.

Moreover, the court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Yent v. Baca, No. 01-10672, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & County of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

The court cannot find that Magistrate Judge Hollows' order was either clearly erroneous or contrary to law. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s

2

1 'good cause' standard primarily considers the diligence of the
2 party seeking the amendment." Johnson, 975 F.2d at 609.  "If
3 that party was not diligent, the inquiry should end." Id.
4 Plaintiff moved on June 2, 2010--the day specified in the
5 Scheduling Order as the discovery cut-off date--to amend the cut-
6 off date so that, inter alia, a de bene esse deposition already
7 scheduled to take place in the MDL court can be noticed for this
8 case.  (Docket Nos. 36, 45.)  Judge Hollows noted that plaintiff
9 sought the extension for six generic experts designated by
10 plaintiff in the MDL court, that plaintiff had five months to
11 depose its own experts and could have taken any trial scheduling
12 difficulties into consideration when scheduling the case, and
13 that plaintiff's request was merely speculative as plaintiff did
14 not yet know which of those experts will be deposed in the multi-
15 district litigation proceedings.  (Docket No. 59, at 2-3.)

16          Plaintiff argues that Judge Hollows failed to consider
17 her reply brief.  Yet the docket shows that Judge Hollows' Order
18 was filed over an hour after plaintiff filed her Reply.  (See
19 Docket Nos. 57-59.)  The court cannot conclude that Judge Hollows
20 did not read or consider plaintiffs reply.  While it may be true
21 that one of plaintiff's generic experts had a deposition
22 scheduled when plaintiff filed her motion to extend time, it is
23 also not at all certain that any of plaintiff's generic experts
24 will be unavailable for trial.  The court will not set aside
25 Judge Hollows' order.

26      B.   Motion To Amend the Complaint
27          Plaintiff moves to amend her Complaint to include a
28 loss of consortium claim.  The MDL court previously denied

3

plaintiff's motion--presented to the MDL judge in the form of an objection to the MDL magistrate judge's denial of her motion to amend--as futile on the grounds that California law rather than federal law applied, that the loss of consortium claim did not relate back to the original Complaint, and that the statute of limitations for plaintiff's claim had expired.  (Mot. for Sanctions (Docket No. 66) Ex. 17 (October 16, 2009 Order), at 2 (citing Cal. Code Civ. P. § 335.1 and Cal. Civ. Prac. Torts § 10:9).)

It is not for this court to determine whether the MDL court's decision was right or wrong.  The whole purpose of MDL would be defeated if the trial judge after remand were to revisit the rulings of the MDL judge.  Under the law of the case doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236 (1997).  The law of the case doctrine applies to questions of law, thus establishing that, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).

There are three, and only three, exceptions to the law of the case doctrine: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."'" Mortimer v. Baca, 594 F.3d 714, 721 (9th Cir. 2010) (quoting Minidoka Irrigation Dist. v. Dep't of Interior, 406 F.3d

4

567, 573 (9th Cir. 2005)).  Plaintiff argues that subsequent Supreme Court precedent regarding the "relating back" doctrine warrants reconsideration and amendment under the second exception.  See Krupski v. Costa Crociere S.p.A., --- U.S. ---, 130 S. Ct. 2485 (June 7, 2010).

In Krupski, the Supreme Court addressed Federal Rule of Civil Procedure 15(c)(1)(C), which concerns the relation back of amendments to a pleading which "change[] the party or the naming of the party against whom a claim is asserted."  Fed. R. Civ. P. 15(c)(1)(C) (emphasis added); see Krupski, 130 S. Ct. at 2491-93.  Rule 15(c)(1)(C) involves amendments that bring in new defendants to the action, not new plaintiffs or new claims against existing defendants.  Krupski is therefore neither new law that makes reconsideration appropriate nor relevant to deciding plaintiff's motion.[1]

Rather, plaintiff appears to argue that her loss of consortium claim relates back to the original Complaint under Rule 15(c)(1)(B), which states that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the initial pleading."  Krupski is silent with respect to this subsection and plaintiff's arguments amount to an attempt to obtain a second bite at the apple by forcing a Rule 15(c)(1)(C) analysis onto a Rule 15(c)(1)(B) set of facts.  Nor does Krupski stand for the

---

[1] In oral argument plaintiff provided the court with the citation to Raynor Brothers v. American Cyanimid Co., 695 F.2d 382 (9th Cir. 1982) for support that the Ninth Circuit had adopted a view of Rule 15(c) that applied to both new plaintiffs and new defendants.  Raynor Brothers is not intervening controlling authority nor is it on point.

proposition that federal law governs the "relation back" doctrine.  While plaintiff cites to Hockett v. American Airlines Inc., 357 F. Supp. 1343, 1348 (N.D. Ill. 1973) for the proposition that a loss of consortium claim does relate back to an original claim of negligence, this case is neither intervening controlling authority nor otherwise binding on the court.

    C.    Motion for Sanctions

Finally, plaintiff moves for sanctions against defendant for its failure to disclose in discovery and in depositions that it engaged in direct-to-consumer advertising of Zometa, and amendment of its Answer in the White case to eliminate any statement that it advertized Zometa.  Because plaintiff no longer seeks a dismissal sanction (see Reply at 2), this motion is properly heard by the magistrate judge assigned to the case.  E.D. Cal. Local R. 302(a), (c).

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that plaintiff's motion to amend the Complaint be, and the same hereby is, DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion for sanctions is denied without prejudice to be refiled before the magistrate judge.

IT IS SO ORDERED.

DATED: August 31, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE