IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERYL J. WHITE, SUCCESSOR TO WILLIAM WHITE,

        Plaintiff,                          No. CIV-S-06-0665 WBS GGH

        vs.

NOVARTIS PHARMACEUTICALS CORPORATION,

        Defendant.                         ORDER

_____/

        Previously pending on this court's law and motion calendar for October 14, 2010, was plaintiff's motion for sanctions, filed September 8, 2010. Plaintiff was represented by Devin Fok. Martin Calhoun and James Bruen appeared on behalf of defendant. After hearing oral argument and reviewing the parties' briefing, the court now issues the following order.

BACKGROUND

        This action concerns decedent William White, who allegedly suffered bisphosphonate related osteonecrosis of the jaw ("BRONJ") after taking defendant's bisphosphonate drug, Zometa, which is prescribed to cancer patients. William White died during the litigation and his wife, Cheryl, became successor in interest.

        Plaintiff filed the instant motion seeking sanctions against defendant for allegedly

1

failing to disclose and providing false discovery responses and testimony concerning its direct-to-consumer advertising of Zometa. Plaintiff seeks sanctions in the form of amending defendant's answer to include a statement that it advertised Zometa.[1] Plaintiff originally sought an order striking defendant's amended answer or in the alternative, an order requiring the parties to amend their pleadings to conform to the evidence and rulings, including permitting plaintiff to add a loss of consortium claim to her complaint, and striking defendant's learned intermediary defense. The district court noted that plaintiff's reply indicated that she no longer sought a dismissal sanction,[2] and therefore directed the motion to be refiled before the magistrate judge.

The instant case was previously part of multi-district litigation, but was transferred to this court earlier this year, after the instant discovery had taken place, but before the MDL court issued its sanctions order. (Dkt. #66, Ex. 1A.) The MDL court imposed sanctions against Novartis in the MDL case based on defendant's actions there and in this case. The MDL court determined, however, that it had no further jurisdiction to enter a sanction order in the White case because it had already been transferred to this court. The MDL court found no evidence that Novartis deliberately withheld documents regarding its advertising from plaintiffs, but that it "clearly failed to adequately supervise its third party vendor's document collection process...." (Dkt. # 66, Ex. 1, Order at 3.)

It appears that Novartis placed four advertisements in CURE magazine, but only produced one relevant issue of CURE and a draft advertisement submitted to the FDA. (Id. at 2.) As part of its sanctions order, the MDL court granted plaintiffs' motion in part to permit further

---

[1] Zometa's original answer admitted that it advertised Zometa. Later, Novartis sought to amend its answer and was permitted to do so over plaintiff's objection. The amended answer eliminated its admission that it advertised Zometa, requiring plaintiff to now prove this fact.

[2] The reply stated, "the Court has it in its power to correct this problem, have each party conform the pleadings to the facts, and thwart any such intention on the part of Plaintiff. This would be an adequate 'lesser sanction.'" (Reply at 2.)

1  discovery regarding Novartis' advertising of Zometa and/or Aredia[3] to consumers, and that
2  Novartis would assume all costs and attorneys' fees for this discovery.  After that order was filed,
3  plaintiff conducted further discovery and found more advertisements not previously produced
4  from three other magazines.

5  DISCUSSION

6     I.  Legal Standards

7        Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with
8  discovery rules or court orders enforcing them.  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d
9  585, 589 (9th Cir. 1983).  Penalizing a party "for dilatory conduct during discovery proceedings"
10 is discretionary.  Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1102 (9th
11 Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).

12       In addition to Rule 37 sanctions, "[c]ourts are invested with inherent powers that
13 are 'governed not by rule or statute but by the control necessarily vested in courts to manage their
14 own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Unigard Sec. Ins.
15 Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting
16 Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)); accord
17 Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995)
18 (recognizing inherent power to dismiss counterclaim for concealing discovery documents); Winn
19 v. Associated Press, 903 F. Supp. 575, 580 (SDNY 1995) (imposing monetary sanctions for
20 deliberately impeding discovery and willful noncompliance with document production).

21       Precluding evidence so that the recalcitrant party cannot support defenses is
22 comparable to entering dismissal, which "represent[s] the most severe penalty that can be
23 imposed." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); accord, Valley Engineers
24 v. Electric Engineering Co., 158 F.3d 1051 (9th Cir. 1998).  Accordingly, such sanctions are

---

[3]  Aredia was the predecessor drug to Zometa.

3

authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault of that party." Kahaluu Const., 857 F.2d at 603; see also Commodity Futures Trading Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding sanctions in egregious circumstances).[4]  Bad faith does not require actual ill will; substantial and prejudicial obduracy may constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002).

        Five relevant factors also determine whether severe sanctions are appropriate:

        (1) the public's interest in expeditious resolution of litigation;
        (2) the court's need to manage its docket;
        (3) the risk of prejudice to the other party;
        (4) the public policy favoring disposition of cases on their merits; and
        (5) the availability of less drastic sanctions.

Wanderer v. Johnston, 910 F.2d 652 (9th Cir. 1990) (default judgment for defendants' failure to comply with discovery); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987).

        This circuit has acknowledged that "[l]ike most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just." Valley Engineers Inc. 158 F.3d at 1056.  Inevitably where a court order is violated or discovery belatedly is produced, factors 1 and 2 support preclusive sanctions, and factor 4 cuts against them.  Prejudice to the opposing party and the availability of less drastic sanctions, factors 3 and 5, are most often decisive. Id.  Most critical for evaluating the risk of

---

[4] See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37 dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993) (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault); Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (same).

1  prejudice and whether less drastic sanctions would suffice is whether the discovery violations "so
2  damage[] the integrity of the discovery process that there can never be assurance of proceeding
3  on the true facts." Valley Engineers Inc.,158 F.3d at 1058.

4    II. Discovery Conducted

5  Through its interrogatory number 24, plaintiffs in the MDL sought the names of
6  publications where Zometa was advertised.  Novartis responded that it "does not engage in
7  direct-to-consumer advertising with respect to Aredia and/or Zometa."  Novartis did provide a
8  list of magazines and journals in which Zometa advertisements have appeared, but did not
9  include CURE or any other direct-to-consumer magazines in this list.

10  It is important to note that the MDL court order regarding sanctions spent some
11  time discussing the differences between direct-to-consumer advertising and direct-to patient
12  advertising and direct-to-physician advertising, and found that Novartis' distinctions were
13  misleading and troubling.  (Dkt. # 66, Ex. 1, Order at 2-3.)

14  Plaintiffs took a Rule 30(b)(6) deposition of the corporate designee for non-web
15  advertising on January 8, 2010.  This witness denied any direct-to-consumer advertising for
16  Zometa.  The witness was then shown an email by Novartis which referred to ads already run in
17  CURE magazine.

18  Plaintiffs later retrieved back issues of CURE magazine, showing that the
19  aforementioned discovery responses were false.  Plaintiffs also located four other consumer
20  magazines where Novartis had advertised either Zometa or Aredia multiple times.  After the
21  MDL sanctions order, Novartis amended its discovery responses to reflect these ads.  Before the
22  sanctions order, Norvatis had filed a fact sheet stating that it had not advertised Zometa or Aredia
23  direct-to-consumer.

24  Novartis denies that it concealed its knowledge and produced false sworn
25  testimony as plaintiff asserts, but rather that its omission was inadvertent and that it timely
26  supplemented its responses.

5

III. Sanctions

Plaintiff requests that the court order the pleadings corrected so that Novartis must admit in its answer that it advertised Zometa, and plaintiff could include a loss of consortium claim in an amended complaint. Plaintiff also requests that Novartis be stripped of its learned intermediary defense. This defense protects a pharmaceutical company if it provided adequate warning to the medical profession, but not the patient directly. In this case, plaintiff argues, ONJ was avoidable or could have been minimized with proper warning or instruction on how to use the drug.

It is not clear whether the MDL court's order imposing sanctions as a result of the instant discovery matter is binding in this case. In any event, the efficacy of that order is assumed. That is, plaintiff in this case had the opportunity to benefit from the extra discovery ordered in the MDL case. Plaintiff seeks more serious sanctions here, but wishes to rely in part on the order in the MDL case. Plaintiff is seemingly not willing to accept the MDL order finding no bad faith or willfulness. For plaintiff's further accusations to be tested, an evidentiary hearing would be required, and plaintiff has not produced facts sufficient to require an evidentiary hearing. Nor has plaintiff sought such a hearing.

Defendant has offered to amend the answer to reflect the fact that it advertised Zometa. Defendant shall do so within ten days of this order. Plaintiff's motion is denied as moot in this regard.

In regard to the learned intermediary defense, there are no facts or findings indicating bad faith, willfulness, or violation of any rule or order. The MDL court order found defendant's arguments "troubling" at most, but in any event found no evidence that defendant deliberately withheld the advertising documents from plaintiff. Therefore, defendant is not

\\\\\
\\\\\
\\\\\

6

precluded from presenting this defense on account of a discovery sanction.[5]

Plaintiff's request to reinstate her loss of consortium claim is denied. This remedy is unrelated to defendant's conduct at issue in the order to provide discovery. <u>Wyle v. R.J. Reynolds Industries, Inc.</u>, 709 F.2d 585, 591 (9th Cir. 1983). Due process considerations are invoked where a sanction interferes with a party's claim or defense. Furthermore, this claim has been repeatedly rejected as time barred by three different judges.

In this case, plaintiff has received all the benefits of the MDL court's ordered sanctions. No further sanctions shall issue.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended motion for sanctions, filed September 8, 2010, (dkt. # 146, is denied for the reasons stated above; and

2. Within ten days of this order, defendant shall file an amended answer in accordance with this order.

DATED: 10/21/2010                    /s/ Gregory G. Hollows

                                     _____
                                     GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

GGH:076/White0665.san.wpd

---

[5] The undersigned is making no finding regarding the legal viability of the learned intermediary defense in light of the presently disclosed advertising. This is a matter for the trial judge. The advertising at issue may, or may not, have any effect on the defense. For example, the first Zometa advertisement at issue appears to have run 18 months or more after Mr. White began the Zometa infusions, so it is questionable whether this " direct consumer advertising" was relied on in any respect by Mr. White.

7